UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM E. POWELL,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

Civil Action No. 18-847 (JEB)

## MEMORANDUM OPINION

In this latest of his multiple suits, *pro se* Plaintiff William E. Powell seeks relief for Defendant Social Security Administration's alleged failure to disclose records pursuant to the Freedom of Information Act and the Privacy Act. Defendant now moves to dismiss or, in the alternative, for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. Specifically, SSA contends that Powell never administratively appealed the denial of his FOIA request and did not submit a proper Privacy Act request. Agreeing, the Court will grant summary judgment for Defendant on the FOIA claim and dismiss the Privacy Act claim without prejudice.

## I.    Background

On several prior occasions, this Court has evaluated records requests in Plaintiff's "long quest to obtain tax information related to his late father and grandfather, their trusts and estates, and two family printing businesses." Powell v. IRS, 317 F. Supp. 3d 266, 270 (D.D.C. 2018). This time around, Powell's requests seek Social Security records related to himself, see ECF No. 1 (Compl.), Exh. A (Privacy Act Request) at 1, as well as to his mother, father, and grandfather. Id., Exh. B (FOIA Request) at 1–2. The requests seek records from three systems: the Earnings

1

Record and Self-Employment Income System, the Master Files of Social Security Number Holders and SSN Applications, and the Master Beneficiary Record. See Privacy Act Request at 1; FOIA Request at 1; ECF No. 9 (Def. Mot.), Attach. 1 (Def. SUMF), ¶ 6(a); see also Powell v. IRS, 255 F. Supp. 3d 33, 41 (D.D.C. 2017) (describing systems of records under Privacy Act). The central dispute here revolves around communications between the parties about the requests. Facts regarding each are summarized in turn.

A. FOIA Request

The parties agree that on March 5, 2018, Plaintiff submitted a FOIA request through FOIAonline, a "multi-agency web-application that enables the public to submit FOIA requests to participating agencies, tracks the progress of an agency's response to a request, searches information previously made available, and generates up-to-the-minute reports on FOIA processing." Def. SUMF, ¶ 1 & n.1; Compl. at 2. Powell claims that he included certain identifying documents with the request, including his driver's license and death certificates showing the Social Security numbers of his mother, father, and grandfather. See ECF No. 16 (Pl. Mot.), Attach. 1 (Surreply) at 2; id., Attach. 3 (Identifying Documents); FOIA Request at 2. According to Powell, "Defendant ha[d] not processed" the request when he filed the Complaint in this case on April 6, 2018. See Compl. at 2.

Defendant, conversely, contends that its Office of Privacy and Disclosure acknowledged receipt of Plaintiff's FOIA request via email on March 5, 2018, providing the tracking number recited in the Complaint. See ECF No. 9 (Def. Mot.), Attach. 2 (Declaration of Mary Ann Zimmerman), ¶ 12; Compl. at 2. The Government also states that OPD emailed Powell a decision letter on April 4, 2018. See Zimmerman Decl., ¶ 13. The letter directed him to submit a proper request by completing an enclosed request form and sending it to a specified address,

along with "proof of death and proof of your relationship to the deceased." ECF No. 17 (Def. Notice), Exh. B (April 4, 2018, Letter from Monica Chyn) at 1–2. The decision letter also explained how to file an appeal "[i]f [Powell] disagree[d] with this decision." Id. at 2. SSA sent both the acknowledgement and decision letter through FOIAonline to the email address for Plaintiff that was listed on his FOIAonline account, his FOIA request, and the Court's docket. See Zimmerman Decl., ¶ 14; Def. SUMF, ¶ 4 & n.3. Powell maintains that he "never received" the April 4, 2018, decision letter. See Surreply at 1. In other words, he must claim that it was pure coincidence that he filed suit a mere two days later.

     B. Privacy Act Request

Plaintiff alleges that he submitted the Privacy Act request on February 19, 2018, via First Class Mail, "to the address listed in the Federal Register of SSA Privacy Officer, Social Security Administration, 6401 Security Boulevard, 617 Altmeyer Building, Baltimore, MD 21235, with 'Privacy Act Request' written on the front of the envelope." Compl. at 2–3. Plaintiff repeats this information in his affidavit, adding that the request was mailed from the Main Post Office in Detroit, Michigan, and that SSA never responded to his follow-up phone message. See ECF No. 12 (Pl. Opp.), Attach. 1 (Affidavit of William E. Powell), ¶¶ 2–3. Plaintiff argues his affidavit "speaks for itself with regard to the mailing delivery." Surreply at 2.

In response, SSA maintains that it never received the request, which, even if mailed, was improperly addressed. See Def. Mot. at 3. Defendant notes that Plaintiff "provides no proof of mailing," Def. SUMF, ¶ 6, and states that it "has no record in its tracking system" of Plaintiff's request, even though the request as addressed (if received) "would have been forwarded to OPD," which "would have recorded receipt of the request" in FOIAonline and "sent Mr. Powell a letter explaining where to properly route his request." Zimmerman Decl., ¶¶ 5–10. Finally,

Defendant points out that the request should have been addressed to the managers of the three systems for which Plaintiff sought records.  Id., ¶ 3; Def. SUMF, ¶ 6(a).

## II.     Legal Standard

Exhaustion of remedies under FOIA "is a jurisprudential doctrine that prevents judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar."  Kalu v. IRS, 2015 WL 4077756, at *4 (D.D.C. July 1, 2015) (quotations and citation omitted).  Exhaustion under the Privacy Act, by contrast, "is a jurisdictional threshold to challenging an agency determination."  Kearns v. FAA, 312 F. Supp. 3d 97, 107 (D.D.C. 2018).  As a result, the Court will analyze Defendant's Motion under Rule 56 with respect to the FOIA claim, Kalu, 2015 WL 4077756, at *4, and under Rule 12(b)(1) for the Privacy Act claim.  Powell, 317 F. Supp. 3d at 272, 275.

"FOIA cases typically and appropriately are decided on motions for summary judgment."  Defenders of Wildlife v. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. U.S. Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  Dep't of Justice v.

Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. §

552(a)(4)(B)).

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving

that the Court has subject-matter jurisdiction to hear his claims.  See Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992).  A court also has an "affirmative obligation to ensure that it

is acting within the scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of

Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's

factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion'

than in resolving a 12(b)(6) motion for failure to state a claim."  Id. at 13–14 (quoting 5A

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)

(alteration in original)).  Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the

Court "may consider materials outside the pleadings in deciding whether to grant a motion to

dismiss for lack of jurisdiction."  Jerome Stevens Pharm. v. FDA, 402 F.3d 1249, 1253 (D.C.

Cir. 2005); see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

III.    Analysis

The Court will look separately at the exhaustion issues relating to Powell's FOIA and

Privacy Act claims.

A.  FOIA Claim

"There is no dispute that '[a] FOIA requester is generally required to exhaust

administrative appeal remedies before seeking judicial redress.'"  Coss v. U.S. Dep't of Justice,

98 F. Supp. 3d 28, 35 (D.D.C. 2015) (quoting CREW v. FEC, 711 F.3d 180, 184 (D.C. Cir.

2013)).  But an exception exists: A plaintiff "need not administratively appeal an agency's FOIA

determination where he has waited the time specified by statute for a final response" — here,

twenty days — "and, having received none, files suit in district court." Wisdom v. U.S. Tr.
Program, 232 F. Supp. 3d 97, 113 (D.D.C. 2017). "When an agency determination is made after
the 20-day time period expires but before the requester seeks judicial review," however, "he is
not relieved of his obligation to exhaust." Bartko v. U.S. Dep't of Justice, 2014 WL 12787640,
at *6 (D.D.C. Sept. 9, 2014).

That is the case here. Defendant correctly argues that Powell has not raised a legally
sufficient dispute as to his failure to exhaust the administrative-appeals process. See Def. Mot. at
6–9. SSA explains that it emailed Plaintiff a FOIA decision letter on April 4, 2018 — two days
before the filing of the Complaint. See April 4, 2018, Letter from Monica Chyn; Zimmerman
Decl., ¶ 13. Actual exhaustion was thus required, and Plaintiff makes no claim to having done
so. See Lopez v. Nat'l Archives and Records Admin., 301 F. Supp. 3d 78, 87 (D.D.C. 2018)
(granting summary judgment for failure to exhaust where agency responded to request before
filing of complaint, declaration stated agency had no record of appeal, and plaintiff failed to
provide evidence of appeal). In FOIA cases, "courts typically grant summary judgment by
relying on sworn agency affidavits that are sufficiently convincing." Reynolds v. DOJ, 2017 WL
1495932, at *2 (D.D.C. Apr. 26, 2017). Defendant's declaration here meets that standard. SSA
has records of Plaintiff's request and its decision in its central tracking system, but no record of
an appeal. See Zimmerman Decl., ¶¶ 7, 11–16.

Powell only questions receipt of the April 4 email. Yet, SSA sent that email to the same
address that Plaintiff used for FOIAonline, included on his FOIA request, and provided to the
Court. Id., ¶¶ 13–14; Def. SUMF, ¶ 4 & n.3. As in cases where a plaintiff has claimed to have
mailed a request that the agency has not received, the Court sides with the Government. See
Pinson v. U.S. Dep't of Justice, 69 F. Supp. 3d 108, 114 (D.D.C. 2014) (collecting cases); see

also Powell, 317 F. Supp. 3d at 280 (holding that Plaintiff's claim of requesting certain records failed to establish genuine dispute as to agency's receipt, in light of agency declaration stating it had no record of request). It is true that a plaintff's non-receipt is somewhat different inasmuch as it is difficult for him to prove a negative, but here the facts militate in favor of Defendants. Powell could have checked online or with the agency to see if it had denied his request rather than rushing to file suit, and he can always file a new request or appeal (if time limits permit) and is thus not forever deprived of the material. Finally, as in all these cases, the Court does not hold a trial on credibility and believes this is thus the wisest resolution.

Beyond his assertion of non-receipt, two arguments could conceivably support Plaintiff but are ultimately unavailing. First, he might maintain that converting Defendant's Motion into one for summary judgment "would be premature, as Plaintiff has not had a meaningful opportunity to present supporting materials outside of his Complaint." Search v. Uber Techs., Inc., 128 F. Supp. 3d 222, 228–29 (D.D.C. 2015). Yet, here the Court has permitted both sides to rely on material beyond the Complaint, and it has even given Powell the opportunity to file a Surreply with attached exhibits. Indeed, Plaintiff does not argue that "[s]ummary [j]udgment on the exhaustion question is improper; in fact, he has presented additional evidence to support his argument." Mahoney v. Donovan, 824 F. Supp. 2d 49, 59 (D.D.C. 2011); see also, e.g., Powell Affidavit; Identifying Documents. The Court may thus properly proceed under this standard.

Second, Powell points to another letter, dated July 26, 2018, that SSA sent him after the Complaint was filed. See Surreply at 1. In that letter, Defendant informed him that "[n]o action can be taken on [your request] because it does not show the Social Security numbers of the individuals for whom you are requesting information." Id., Attach. 2 (July 26, 2018, Letter from Inquiries and Expediting Staff) at 1; see id. at 2–3 (using "xxx-xx" on request to denote first five

7

digits of relatives' Social Security numbers).  Like the April 4, 2018, decision letter, this letter

included a form for Powell to complete in order to submit a proper request.  Id. at 1, 4–7.  The

Court is uncertain of the letter's pertinence, but as it appears responsive to a subsequent request,

it is irrelevant to Powell's failure to appeal SSA's April 4, 2018, decision.  See April 4, 2018,

Letter from Monica Chyn at 2 (explaining administrative appeal process "[i]f [Powell]

disagree[d] with this decision").  Summary judgment on his FOIA claim is thus warranted.

    B.  Privacy Act Claim

Because exhaustion under the Privacy Act is jurisdictional, the Court may consider

materials outside the pleadings in addressing this claim without converting the motion into one

for summary judgment.  See Powell, 317 F. Supp. 3d at 272; Welborn v. IRS, 218 F. Supp. 3d

64, 73 (D.D.C. 2016).  As SSA points out, a failure to submit a Privacy Act request in

compliance with agency regulations constitutes a failure to exhaust because the agency never

denied a proper request for access to records.  Powell, 255 F. Supp. 3d at 42 (collecting cases).

Defendant correctly argues that this is what happened here.  In light of SSA's detailed

declaration about how it would have recorded and responded to Plaintiff's Privacy Act request if

received as addressed, see Zimmerman Decl., ¶¶ 5–10, Powell's allegation that he submitted the

request does not satisfy the "closer scrutiny" placed on his burden to establish the Court's

jurisdiction.  See Powell, 317 F. Supp. 3d at 272 (citation omitted).  Like in Reynolds, where the

Government "offered comprehensive sworn testimony that it never received [the plaintiff's]

FOIA requests" and the plaintiff responded by attaching copies of his letters and "swearing he

mailed them," the Court will dismiss the Privacy Act claim because Plaintiff "does not offer

proof via, e.g., a certified-mail receipt or any other form of mailing that his missive[] reached

[its] intended target."  2017 WL 1495932, at *2.  This contrasts with Guthery v. United States,

507 F. Supp. 2d 111 (D.D.C. 2007), where the court found a *pro se* plaintiff's proof of mailing — in the form of a certified-mail confirmation number — was enough to defeat the agency's declaration that it had never received his administrative claim for purposes of dismissal or summary judgment. Id. at 116–17.

Even assuming the Privacy Act request was mailed and delivered to SSA's headquarters, Plaintiff still "has not alleged facts essential to any claim under the Privacy Act." Powell, 255 F. Supp. 3d at 42. As the Court previously explained to Powell, in order to submit a proper Privacy Act request, "he will need to submit his request to the correct address, labeled as a 'Privacy Act Request,' and include the names of the specific systems of records to which he wants access, the location of those systems, and the name and address for the [agency] manager of that system." Id. Plaintiff has complied with some, but not all, of these instructions. Although it was labeled as a "Privacy Act Request" and identified specific records systems, for instance, the request was addressed to "SSA Privacy Officer." Privacy Act Request at 1. "Based on agency regulations," however, "Plaintiff's request should have been mailed to the system manager for each system of records from which he requested records." Def. Mot. at 10 (citing 20 C.F.R. § 401.40(c)).

The "SSA Privacy Officer" is not "the manager of the SSA system[s]" at issue here. See 20 C.F.R. § 401.40(c). First, the system manager for the Earnings Record and Self-Employment Income System is the "Director, Division of Earnings Correction and Use, Office of Earnings, Enumeration and Administration Systems." Def. Mot. at 11 (quoting 71 Fed. Reg. 1796, 1822 (Jan. 11, 2006)). Second, the system manager for the Master Files of SSN Holders and SSN Applications is the "Director, Division of Enumeration Verification and Death Alerts, Office of Earnings, Enumeration, and Administrative Systems." Id. (quoting 75 Fed. Reg. 82121, 82126 (Dec. 29, 2010)). Third, the system manager for the Master Beneficiary Record is the "Associate

Commissioner, Office of Retirement and Survivors Insurance Systems." Id. (quoting 71 Fed. Reg. at 1829). Plaintiff thus failed to exhaust administrative remedies because his request did not include "[t]he name and address of the manager of the system [that] is part of the notice of systems of records." 20 C.F.R. § 401.40(c); see Powell, 255 F. Supp. 3d at 41–42. As with Plaintiff's previous request to the IRS, "[a]ll of this information can be found online." Powell, 255 F. Supp. 3d at 42; see SSA, Privacy Act Systems of Records Notices, available at https://www.ssa.gov/privacy/sorn.html.

Powell rejoins that the Court previously refused to dismiss one of his requests when "the IRS assert[ed] they never receive[d] [it]." Pl. Opp. at 1 (citing Powell, 317 F. Supp. 3d at 275 (sustaining claim on request for 1989 tax return)). The Court declined to dismiss that claim because, unlike other "conclusory allegation[s]" about "mail[ing] a FOIA and PA Request with supporting documents" and never receiving a response, Powell mentioned a "specific request[]" for the 1989 tax return. Powell, 317 F. Supp. 3d at 275 (citations omitted). His analogy misses the mark because the Court's previous ruling concerned whether Powell's requests sought particular documents, not whether the agency received those requests. In other words, adequately identifying the records sought does not excuse Powell from the Privacy Act's additional exhaustion requirements, including the need to submit a request to the particular system manager set forth in the agency's notice of systems of records. See Powell, 255 F. Supp. 3d at 41–42.

Although Plaintiff correctly notes that the address listed on his Privacy Act request "covers the addresses in the Federal Register for ALL Systems Names" for which he sought records, see Pl. Opp. at 2, the same is not true of the system managers' titles. See Def. Mot. at 10–11. Defendant's declaration explains the importance of precisely directing Privacy Act

requests in light of SSA's dozens of components and subcomponents, "most of which are housed

at the agency's Headquarters in Baltimore, Maryland." Zimmerman Decl., ¶ 4. Plaintiff also

claims that "a FOIA Officer, Privacy Officer, or Systems Manager can respond to Privacy Act

Requests." Pl. Opp. at 2. Perhaps, but the SSA's implementing regulations require that a mailed

request be "writ[ten] to the manager of the SSA system of records" using "[t]he name and

address of the manager of the system [that] is part of the notice of systems of records." 20

C.F.R. § 401.40(c); see Powell, 255 F. Supp. 3d at 41 (explaining different agency regulations

under Privacy Act).

At first glance, it may seem technical to dismiss a *pro se* plaintiff's claim for failing to

include a particular manager's name or title. Powell, however, is no ordinary *pro se* litigant: the

Court has or is currently considering records requests in five other cases he has filed. See

Powell, 317 F. Supp. 3d at 280–81; Powell v. IRS, No. 18-453 (D.D.C. filed Feb. 23, 2018);

Powell v. U.S. Dep't of Treasury Office of Foreign Assets Control, 317 F. Supp. 3d 551 (D.D.C.

2018); Minute Order, Powell v. Nat'l Archives and Records Admin., No. 17-2396 (D.D.C. May

30, 2018); Powell v. IRS, 280 F. Supp. 3d 155 (D.D.C. 2017). In addition, "[a]lthough he is *pro

se*, Powell is on notice of the Privacy Act's exhaustion requirements," Powell, 317 F. Supp. 3d at

275, including the need to submit requests to the managers for the particular systems sought, as

set forth in the agency's notice of systems of records. See Powell, 255 F. Supp. 3d at 41–42.

As the Court has explained in the FOIA context, moreover, exhaustion requirements "are

not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape."

Elec. Privacy Info. Ctr. v. IRS, 261 F. Supp. 3d 1, 7 (D.D.C. 2017). That is particularly true here

because "exhaustion under the Privacy Act, unlike under FOIA, is a jurisdictional threshold to

challenging an agency determination." Kearns, 312 F. Supp. 3d at 107 (citation omitted).

Plaintiff's factual allegations thus appropriately "bear closer scrutiny," given the Court's "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Powell, 317 F. Supp. 3d at 272 (citations omitted). The stringency of these requirements reflects the nature of the Privacy Act, which "— unlike [FOIA] — does not have disclosure as its primary goal and instead uses disclosure as a tool to allow individuals on whom information is being compiled and retrieved the opportunity to review the information and request that the agency correct any inaccuracies." Powell, 255 F. Supp. 3d at 41 (quoting Mobley v. CIA, 806 F.3d 568, 586 (D.C. Cir. 2015)). The Court will, accordingly, dismiss the claim "without prejudice, so that Powell may return to a federal district court after he has pursued his administrative remedies." Id. at 42.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 4, 2018